UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE GAUZE,

      Plaintiff,

    v.

OFFICER M. BOZAR, et al.,

      Defendants.
_____

DECISION & ORDER

13-CV-6639G

    On December 2, 2013, *pro se* plaintiff Dwayne Gauze ("plaintiff") filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983. (Docket ## 1, 5). Plaintiff's claims arise out of his incarceration at Attica Correctional Facility. Currently before this Court are plaintiff's requests for appointment of counsel. (Docket ## 31, 33, 43). Plaintiff maintains that he requires an attorney because the defendants are represented by an attorney and have access to better technology than the plaintiff and because plaintiff has limited access to a law library. (*Id.*).

    Plaintiff also requests an order compelling the defendants to submit to a polygraph examination and that they provide the current address for a named defendant who has not yet been served. (Docket ## 31, 33). Defendants have opposed that portion plaintiff's motion requesting that they provide the current address for the unserved defendant Michael Boczar on the grounds that they have already provided the Court with the last known address contained in their records for that defendant. (Docket # 37 at ¶¶ 7-11). According to defendants, an acknowledgement of service was mailed to Boczar at that address, but was returned as

undeliverable. (*Id.*). In addition, plaintiff requests that he be compensated $3,000 in attorney's fees. (Docket # 43).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

        The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel. On this record, plaintiff's requests for the appointment of counsel **(Docket ## 31, 33, 43)** are **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

        Additionally, because the defendants have already provided the information within their possession regarding Boczar's last known address, plaintiff's motion seeking to compel that information **(Docket # 33)** is **DENIED**. Finally, plaintiff's request for an order

compelling the defendants to submit to a polygraph examination **(Docket # 31)** and plaintiff's request to be compensated $3,000 in attorney's fees **(Docket # 43)** are **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       January 29, 2016