UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE GAUZE,

                Plaintiff,

        v.

OFFICER M. BOZAR, et al.,

                Defendants.
_____

DECISION & ORDER

13-CV-6639G

On December 2, 2013, *pro se* plaintiff Dwayne Gauze ("plaintiff") filed a complaint in the above-captioned matter asserting constitutional violations pursuant to 42 U.S.C. § 1983. (Docket ## 1, 5). Plaintiff's claims arise out of his incarceration at Attica Correctional Facility. (*Id.*). Currently pending before this Court is plaintiff's motion for appointment of counsel, an order compelling interrogatory responses from an unserved defendant, Officer Michael Boczar, and $3,000.00 in attorney's fees.[1] (Docket # 39). Defendants have opposed the motion. (Docket # 45). Plaintiff's motion for appointment of counsel is his fourth application for assignment of *pro bono* counsel, the previous three having been denied by this Court by Decision and Order dated January 29, 2016. (Docket ## 31, 33, 43, 44).

With respect to plaintiff's request for appointment of counsel, it is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such

---

[1] In his motion, plaintiff also objects to defendants' response to his previous motion seeing similar relief. (Docket # 39 at 4 ¶ 1 (referring to Docket ## 33, 37)). The Court has already resolved that motion, rendering plaintiff's objections moot. (Docket # 44).

assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, as it has previously, that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  Plaintiff has not done so at this stage. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial.  Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.  The fact that plaintiff is dissatisfied with defendants' responses to his discovery requests or motions is not, without merit, a justification for appointment of counsel.  (*See* Docket # 39 at 2).  On this record, plaintiff's request for appointment of counsel **(Docket # 39)** is again **DENIED without prejudice**.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

With respect to plaintiff's request for an order compelling interrogatory responses from Michael Boczar **(Docket # 39),** that request is **DENIED without prejudice** at this time because Boczar is not a party in this suit and defendants have already provided all information in their possession regarding Boczar's last known address (Docket ## 44, 45).  Finally, plaintiff's request to be compensated $3,000 in attorney's fees **(Docket # 39)** is **DENIED**.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       June 17, 2016