UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DWAYNE GAUZE,

                          Plaintiff,

                                                    Case # 13-CV-6639-FPG

v.

                                                    DECISION AND ORDER

MARK BRADT et al.,

                          Defendants.

## INTRODUCTION

*Pro se* Plaintiff Dwayne Gauze ("Plaintiff") brought this civil rights action pursuant to 42 U.S.C. § 1983 against various individuals who work at Attica Correctional Facility.  ECF No. 1. On June 12, 2017, this case proceeded to trial against Defendants Officer Adam Steck, Officer Christopher Wegner, and Sergeant Rozanski.  Plaintiff alleged that Steck subjected him to excessive force on December 3, 2010, in retaliation for complaints that he previously made against Steck.  Plaintiff also alleged that Wegner participated in the excessive force and that Rozanski observed the incident and failed to intervene.

On June 14, 2017, after a three day jury trial, a verdict of "no cause" was rendered and the Clerk of Court entered judgment accordingly.  ECF Nos. 85, 86.  On June 21, 2017, the Court received a letter from Plaintiff that it construes as a motion for a new trial (ECF No. 88) and on July 19, 2017, the Court received another letter from Plaintiff that it construes as a notice of appeal (ECF No. 90).  These items are addressed below.

**DISCUSSION**

**I.      Motion for a New Trial**

On June 21, 2017, the Court received a letter from Plaintiff requesting that his case "be reargued" and that Defendants and a trial witness be ordered to take a polygraph test. ECF No. 88, at 1. He also asserts that the jurors were "biased" and "prejudiced" toward him and that one of the jurors was "sleeping throughout the trial." *Id.*

Federal Rule of Civil Procedure 59 provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Based on Plaintiff's *pro se* status and his request to "reargue" this case, the Court interprets his letter as a motion for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A). *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (quotation marks, emphasis, and citations omitted). Rule 59(b) provides that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Since the Clerk entered judgment against Plaintiff on June 14, 2017 and Plaintiff filed his motion on June 21, 2017, his motion is timely.

The Court may grant a new trial where "the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice." *Azkour v. Little Rest Twelve*, No. 10-CV-4132 RJS, 2015 WL 631377, at *2 (S.D.N.Y. Feb. 12, 2015), *aff'd*, 645 F. App'x 98 (2d Cir. 2016) (quoting *Nimely v. City of N.Y.*, 414 F.3d 381, 392 (2d Cir. 2005)). "Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable

to the verdict winner." *Id.* (citing *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998)). However, the Second Circuit has also cautioned that "a trial judge should not be quick to revisit a jury's credibility determinations, and must proceed 'with caution and great restraint' when asked to do so." *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 128 (2d Cir. 2016) (quoting *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012)).

In this case, the jury was presented with two divergent versions of what happened on December 3, 2010—one from Plaintiff that Defendants Steck and Wegner used excessive force and one from Defendants and their witnesses that an appropriate amount of force was used on Plaintiff after he ignored an order and tried to run from an officer. Neither version of the December 3, 2010 events was inherently unbelievable, and therefore the jury was required to make credibility determinations to render its verdict. Understandably, Plaintiff is disappointed that the jury did not rule in his favor, but that is an insufficient basis for the Court to upset the jury's verdict.

Additionally, Plaintiff's arguments that Defendants and another witness should now be required to take a polygraph test because they engaged in "perjury" during trial are without merit. These "arguments go to the credibility of the witnesses and the weight Plaintiff thinks their testimony should have been given by the jury" and "the Court will not disturb the jury's reasonable findings in this respect." *Azkour*, 2015 WL 631377, at *7 (citing *Toporoff Eng'rs, P.C. v. Fireman's Fund Ins. Co.*, 371 F.3d 105, 108 (2d Cir. 2004)). Simialry, Plaintiff's bald assertion that the jurors were "biased" and "prejudiced" is merely a conclusory quibble with the jury's credibility determinations, and his claim that one of the jurors was "sleeping throughout the trial" is meritless. Plaintiff did not bring this alleged issue to the Court's attention during trial, and the Court did not observe any such conduct while it presided over trial.

3

This is not the exceptional case where the Court could find that the jury's determination constituted a miscarriage of justice, and therefore Plaintiff's motion for a new trial is DENIED.

## II.    Notice of Appeal

On July 12, 2017, the Court received a letter from Plaintiff indicating that he would like to be removed from Attica, where he currently resides, to Clinton Correctional Facility, where he used to reside, so that "[he] can appeal [his] case" because Clinton is "where all [his] property is." ECF No. 90, at 1.  Based on this language and Plaintiff's *pro se* status, the Court construes Plaintiff's submission as a notice of appeal.  *See, e.g.*, *Triestman*, 470 F.3d at 474.  The docket in this case reflects the intent to construe Plaintiff's letter as a notice of appeal and that the Clerk of Court has transmitted this appeal to the United States Court of Appeals for the Second Circuit. ECF Nos. 90, 91.

Although Plaintiff requests that the Court contact the warden at Attica and ask him to move Plaintiff back to Clinton, the Court will not interfere with the discretion of the New York State Department of Corrections and Community Supervision to house prisoners where it sees fit.

## CONCLUSION

For the reasons stated, Plaintiff's motion for a new trial (ECF No. 88) is DENIED. Plaintiff's July 19, 2017 (ECF No. 90) letter is construed as a notice of appeal and, because the Clerk has already transmitted this appeal, all further contact on this matter will be between Plaintiff and the Second Circuit.

IT IS SO ORDERED.

Dated: July 26, 2017
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4